UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDERICO J. BELL,

          Plaintiff,

v.                                            Case No. 11-C-0598

DEPARTMENT OF VOCATIONAL
REHABILITATION, et. al.,

          Defendant.

**ORDER**

Plaintiff has filed an action against the Wisconsin Department of Vocational Rehabilitation (DVR) and counselor Craig Wener, an employee of that agency. Plaintiff claims he was wrongfully discriminated against on account of his race. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff initially filed a vague affidavit of indigence but has since supplemented his affidavit with more complete information. (Dkt. 4.) Upon review of that updated affidavit, it appears that plaintiff has $1,250 in monthly income. He pays a number of monthly bills but it appears that he

does have a small amount of income left over each month. Accordingly, plaintiff's motion to proceed *in forma pauperis* will be granted as follows: I will order plaintiff to pay $25 of the filing fee and will waive the remainder. *See Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, courts have the authority "to order payment of a portion of the expense while waiving the remainder.")

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999); *Griffin v. Milwaukee County,* 369 Fed. Appx. 741, 743 (7th Cir. 2010). In screening a complaint I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

Here, Plaintiff alleges that he has been receiving DVR services since 1990 as part of his quest for employment. According to the complaint, Plaintiff's DVR counselor was helping him put together a business plan to start a nonprofit oorganization. Plaintiff claims that when he submitted

2

his business plan his counselor asked Plaintiff "why [are you] working with black kids all they will do is get into things they got not business[?]" (Compl. at 3.) Plaintiff alleges "I see clearly that its [because of] my color that this is happening." (*Id.*) Plaintiff goes on to allege that DVR has not called him to help him find work. (*Id.*)

Because the parties are not diverse, Plaintiff must raise a question of federal law in order for this Court to have jurisdiction. *See* 28 U.S.C. §§ 1331-32. Here, Plaintiff does states at least a cognizable claim under Title VII, a federal law which makes it unlawful for an "employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race . . ." *See* Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17. The term "employment agency" is defined by Title VII as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e(c). Plaintiff does allege that DVR was undertaking to procure opportunities for him to work and, as such, this Court finds it plausible that the DVR is "employment agency" under Title VII.

Thus, in considering Plaintiff's complaint in a light most favorable to Plaintiff, I conclude that Plaintiff states the following cognizable claim: that Defendants discriminated against Plaintiff on the basis of his race with respect to receipt of DVR services in violation of Title VII.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* is granted insofar as plaintiff will be required to pay $25 of the filing fee to the Clerk of Court for this district within twenty-one days of the date of this order. The remainder of the filing fee is waived. Failure to pay the specified part of the filing fee within the time allowed

3

may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3 (E.D. Wis.)

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the Plaintiff's complaint.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

**SO ORDERED** this   5th   day of July, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge