UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDERICO J. BELL,

        Plaintiff,

v.                                        Case No. 11-C-598

DEPARTMENT OF VOCATIONAL
REHABILITATION, et al.,

        Defendants.

**DECISION AND ORDER**

On June 21, 2011, pro se plaintiff Frederico Bell brought a civil action against Wisconsin Department of Vocational Rehabilitation (DVR) and counselor Craig Wehner[1], an employee of that agency. Bell alleges he was wrongfully discriminated against on account of his race. As noted in this Court's previous screening order, it is difficult to tell from the face of Bell's complaint under exactly what statute he is alleging was violated through the alleged racial discrimination. The case is before me now on Defendant Wehner's motion to dismiss Bell's complaint and to dismiss the Department of Vocational Rehabilitation as a defendant. For the reasons discussed herein, Wehner's motion to dismiss will be granted.

The standards governing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure are well established. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether it is sufficient to state a claim, the court

---

[1] Improperly filed against Craig Wener.

must "accept[ ] the complaint's well-pleaded allegations as true and draw[ ] all favorable inferences for the plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations must be sufficient "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A party must meet a number of prerequisites before filing a Title VII claim. *See* 42 U.S.C. § 2000e-5. "First, the party must file a charge with the EEOC within the period of time allotted by the statute. Second, the Commission must issue a right to sue letter." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (filing timely charge with EEOC encompassing the acts complained of is prerequisite for filing a federal action). Also, Fed. R. Civ. P. 9(c) requires that a plaintiff plead "all conditions precedent have been performed or have occurred." When a Title VII plaintiff fails to plead that he has complied with conditions precedent, his complaint should be dismissed. *See Calender v. Boeing Co.*, 2005 WL 1027140, *2, (Case No. 05-C-0411 N.D. Ill., April 27, 2005) (Plaintiff's complaint dismissed without prejudice for failing to plead the conditions precedent of filing a charge with the EEOC and the receipt of a right to sue); *Robinson v. Dalton*, 107 F.3d 1018,

2

1022 (3d Cir. 1997) (a complaint fails to state a claim upon which relief may be granted unless it asserts the satisfaction of the preconditions to suit required by the statute); *see also Perkins v. Silverstein*, 939 F.2d 463, 470-71 (7th Cir. 1991).

In this case, to the extent Bell's action is one under Title VII, Bell has failed to plead whether he exhausted his administrative remedies under Title VII. He failed to allege in his complaint that he filed an EEOC charge against the Defendants, that the EEOC issued a right-to-sue letter against the Defendants, or that he filed this action within 90 days of the issuance of the letter. As discussed above, when a Title VII plaintiff fails to plead that he has complied with all the conditions precedent, his complaint should be dismissed. Consequently, Bell's complaint should be dismissed for failing to comply with conditions precedent.

Bell's complaint also presents some timing issues. Title VII requires persons who believe they are victim of discrimination to file an administrative charge prior to bringing suit in federal court, so that administrative agencies have the opportunity to investigate and settle disputes pre-lawsuit. *See Babrocky*, 773 F.2d at 863–64. Here, as Bell failed to plead about the exhaustion of conditions precedent, Defendants cannot ascertain whether he gave the appropriate state agency the opportunity to investigate his claim and settle the dispute pre-lawsuit. Furthermore, Bell's complaint does not specify the timing of the alleged discriminatory statement; he does not even submit a year (nor does he in his response to Defendants' motion.) As Defendants point out, Bell's claim very well may be untimely: his only temporal references are that "a few years ago" he met with his supervisor who made the allegedly discriminatory statement and that he has been subject to "years of discrimination." (Compl. 3.) A charge must be filed with the EEOC within 300 days of discriminatory conduct and must file a federal action within 90 days of the issuance of the

3

right-to-sue letter. Bell's language and failure to allege a specific timetable suggest the likelihood that he did not timely file his Title VII claim.

Furthermore, Bell named the Department of Vocational Rehabilitation as a defendant. Under Wisconsin law, "a cause of action accrues when 'there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.'" *Hammil v. Rickel Mfg. Corp.*, 719 F.2d 252, 255 (7th Cir. 1983) (citations omitted). State law determines if a defendant is suable. Fed. R. Civ. P. 17(b); *see also Busby v. Electric Utilities Employees Union*, 323 U.S. 72, 73 (1944) (per curiam). The Department of Vocational Rehabilitation does not exist; it is not one of the departments created by the Wisconsin Legislature. *See* ch. 15, Wis. Stats. ("Structure of the Executive Branch"). Nor does it exist under the Wisconsin Administrative Code. As the Department of Vocational Rehabilitation does not exist in Wisconsin law it is not a suable entity and Bell's claim against it must be dismissed.

Bell may have instead intended to name the Division of Vocational Rehabilitation as the defendant. Nonetheless it is not a "principal administrative unit" within the Wisconsin state executive branch. *See* Wis. Stat. §§ 15.02(2), 15.01(5). Instead it is a subunit of the Department of Workforce Development. *See* Wis. Admin. Code §§ DWD 65.03(7), 60.02(9); Wis. Stat. § 15.105(22) (referring to a "subunit of the department of workforce development which administers vocational rehabilitation laws"); Wis. Stat. §§ 47.01(1m), 47.02(1) and (1m) (noting the Department of Workforce Development is the entity that signs "agreements with the federal government under 29 U.S.C. 701 to 796i to provide vocational rehabilitation services" and that the Department "may cooperate with the federal government in carrying out federal acts concerning vocational rehabiliation"); Wis. Stat. § 47.02(3m)(a) (requiring the Department of Workforce Development make "vocational rehabilitation services under this chapter available in every county

4

to all persons with disabilities who are present in the state, regardless of residency"). *See also Balele v. Wisconsin Personnel Com'n*, 223 Wis. 2d 739, 742 (Ct. App. 1998) (noting that "the Division of Vocational Rehabilitation" was a division of the Wisconsin Department of Health and Social Services and has "since been transferred to the Department of Workforce Development.")

Accordingly, this Court has already once concluded the Division of Vocational Rehabilitation cannot be sued. *See Brewer v. Wisconsin Bd. of Bar Examiners*, 2006 WL 3147407, *2 (Oct. 20, 2006, E.D. Wis.) ("Under Wisconsin law, the Wisconsin Division of Vocational Rehabilitation is merely a division of the Wisconsin Department of Health and Social Services, rather than a stand-alone agency, and thus may not be sued."). When a claim is made against a non-suable defendant in a federal action it should be dismissed. *See Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678–79 (E.D. Wis. 1999). Bell's Title VII claim against the Department of Vocational Rehabilitation is accordingly dismissed with prejudice.

In sum, Plaintiff's complaint, as construed as a Title VII claim, fails on its face. Furthermore, the Department of Vocational Rehabilitation is not a proper defendant in this action. In his allegations of racial discrimination, Bell may also be attempting to state a claim under § 1983 but has not alleged sufficient facts for the complaint to stand on that ground alone. Bell may, if he so desires, reformulate his complaint and re-allege his claims against the individual defendants. But on these grounds Defendant's Wehner's motion to dismiss, Docket 9, is **GRANTED**, the Department of Vocational Rehabilitation is dismissed from the action and Plaintiff's complaint, in its entirety, is **DISMISSED** without prejudice.

Dated this   25th   day of November, 2011.

                                      s/ William C. Griesbach
                                      William C. Griesbach
                                      United States District Judge