UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDERICO J. BELL,

          Plaintiff,

   v.                                                 Case No. 11-C-598

DEPARTMENT OF VOCATIONAL
REHABILITATION, et al.,

          Defendants.

**DECISION AND ORDER**

On November 29, 2011, this Court entered an order granting Plaintiff Frederico J. Bell thirty days in which to amend his complaint, noting that a failure to do so would result in dismissal of the case. (ECF No. 16.) On December 28, 2011, Bell submitted a six-page letter and 163 pages of exhibits. (ECF No. 17.)

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether it is sufficient to state a claim, the court must "accept[ ] the complaint's well-pleaded allegations as true and draw[ ] all favorable inferences for the plaintiff." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, the court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations must be sufficient "'to give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Bell's letter and attached exhibits do not meet the standard laid out by Fed. R. Civ. P. 8(a). In fact, the contours of his claim still remain impossible to discern; Defendants have no "fair notice" of what his claim is and/or the grounds upon which it rests. The Court had previously dismissed this action and had given Bell leave to amend his complaint. As he has still failed to state a claim in accordance with the rules, the Clerk is directed to enter judgment in favor of the defendants dismissing the action with prejudice.

**SO ORDERED** this   8th   day of February, 2012.

            s/ William C. Griesbach
            William C. Griesbach
            United States District Judge